George SQUILLACOTE, Regional Director of the Thirtieth Region of the National Labor Relations Board, For and on Behalf of the National Labor Relations Board, Petitioner,

v.

CARPENTERS DISTRICT COUNCIL OF MILWAUKEE COUNTY AND VICINITY, AFL–CIO, et al., Respondents.

No. 74–C–164.

United States District Court, E. D. Wisconsin.

May 30, 1974.

Philip E. Bloedorn, and Dennis M. Selby, Milwaukee, Wis., for petitioner.

Goldberg, Previant & Uelmen by Walter F. Kelly and Leo Uelmen, Milwaukee, Wis., for respondents.

Melli, Shiels, Walker & Pease by James K. Pease, Jr., Madison, Wis., for Westra Construction.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The petitioner seeks an order adjudging the respondents in civil contempt for violating the terms of the temporary injunction which was entered in this Section 10(*l*) proceeding on May 17, 1974. Claiming that their behavior since that date conforms to the terms of the order, the respondents have countered with a motion for clarification. They argue that their activities constitute protected consumer picketing at the secondary site as opposed to a proscribed secondary boycott.

Counsel for both sides presented their oral arguments on May 28, 1974. I have examined the stipulated facts, the exhibits, and the legal arguments which have been submitted in this matter, and I conclude that a finding of civil contempt is warranted.

By the terms of this court's temporary injunction order, the respondents were enjoined from:

"picketing *at or in the vicinity of the gate* and/or entrance to the Middle School project north of the high school football field off of Reigle Drive . . . referred to as Entrance Number Two, designated for the use of individuals and persons other than (the primary party to this labor dispute) Westra Construction, Inc., its employees and suppliers. . . ." (emphasis supplied)

The primary entrance, which the respondents are entitled to picket, and which they have picketed for months, is located approximately 325 feet down a school driveway, which runs east from Reigle Drive. The neutral entrance is located at the end of Reigle Drive, some 600 feet north of the point at which it is intersected by the school driveway.

Prior to May 17, 1974, the respondents picketed the neutral gate from a position along the east side of Reigle Drive, approximately 100 feet south of the neutral gate, midway between that gate and an entrance to the Regal Ware Company, which is located on the west side of Reigle Drive. Since May 17, 1974, the respondents have picketed along the east side of Reigle Drive, but now they are situated approximately 200 feet south of the neutral gate, directly across from the entrance to the Regal Ware Company. Work at the construction site remains at a standstill, with subcontractors and other neutrals refusing to utilize the neutral entrance.

The determinative issue is whether, under the circumstances presented here, the respondents' challenged conduct constitutes protected "consumer picketing", in accordance with National Labor Relations Board v. Fruit & Vegetable Packers & Warehousemen, Local 760 et al. (Tree Fruits), 377 U.S. 58, 84 S.Ct. 1063, 12 L.Ed.2d 129 (1964), as opposed to a secondary boycott violative of § 8(b)(4)(i) and (ii)(B) and the terms of the temporary injunction order. The respondents claim that the sole purpose of their picketing at an area across from an entrance to the Regal Ware Company is to inform the employees of that company, many of whom are taxpayers and citizens of the school district which contracted with the primary party to this labor dispute for certain construction, of

the nature of that dispute. Presumably, the respondents would have such taxpayers apply pressure upon the local school district. I conclude that such "informational picketing", at least as conducted at the particular location involved here, amounts to an illegal secondary boycott and violates both the letter and the spirit of the temporary injunction order dated May 17, 1974.

Regardless of the respondents' announced purpose, it is apparent that the work stoppage at the school construction site continues to be caused by the presence of the pickets on Reigle Drive. It is significant that, for several weeks prior to May 17, 1974, the respondents were content to picket the neutral gate at a point located 100 feet therefrom. The respondents apparently deemed it unnecessary to move closer, since the neutral gate is situated at the end of a dead end road, and all neutrals have to pass their picket line regardless of where it happens to be located along the 600 foot stretch of Reigle Drive north of the school driveway. At no time during this period did they claim that an informational or consumer picketing purpose existed.

Of the several entrances to the Regal Ware premises which are located on Reigle Drive, it is interesting to note that only one has been picketed and that at least one such entrance meets Reigle Drive at a point south of the school driveway. Therefore, I conclude that the fact that the respondents moved their secondary boycott picketing some 100 feet further down the dead end road was not sufficient to transform their activities into privileged consumer picketing merely because one of several entrances to the Regal Ware Company, a concern which is involved in no way with this labor dispute, happens to be located there. Any other result would reduce to a nullity the consumer picketing exception to the anti-secondary boycott

law. It is clear that the doctrine of the *Tree Fruit* case, supra, and its progeny has no application on the facts of this case.

Although a finding of contempt will be entered, sanctions will not be imposed at this time. If no further violations occur, it is the court's intention to impose no penalty. In the event of further violations of the temporary injunction, appropriate sanctions will be imposed for such violations of the temporary injunction and also for the past violations which have been determined in this ruling.

Therefore, it is ordered that the respondents be and hereby are adjudged to be in civil contempt of this court for violating the terms of the temporary injunction order of this court dated May 17, 1974.

It is also ordered that the respondents be and hereby are enjoined from picketing at or in the vicinity of the gate to the Middle Schoool project north of the high school football field off of Reigle Drive, Kewaskum, Wisconsin, referred to as Entrance Number Two, designated for the use of individuals and persons other than Westra Construction, Inc., its employees and suppliers. For the purpose of this order, "at or in the vicinity of the gate" refers to any point on Reigle Drive north of the school driveway.

It is also ordered that the respondents shall inform all subcontractors and other neutrals to this dispute who have honored their picketing of the neutral gate to date, of the existence of this order and of the fact that all picketing of the neutral gate is enjoined. The respondents are also directed to supply copies of such notices to the petitioner and to this court.

It is further ordered that the respondents' motion for clarification of the temporary injunction be and hereby is denied.